JAMES McMANIS (40958)
ABIMAEL BASTIDA (303355)
McMANIS FAULKNER
a Professional Corporation
50 West San Fernando Street, 10th Floor
San Jose, California 95113
Telephone: (408) 279-8700
Facsimile: (408) 279-3244
Email: jmcmanis@mcmanislaw.com
       abastida@mcmanislaw.com

Attorneys for Plaintiff
DANIEL CHUNG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DANIEL CHUNG, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SANTA CLARA, a public entity; JEFFREY F. ROSEN, individually; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.  Plaintiff Daniel Chung ("Plaintiff" or "Mr. Chung") is a deputy district attorney in Santa Clara County. He has been employed by the Santa Clara County District Attorney's Office since 2018. As a deputy district attorney, Mr. Chung reports to, among others, Jeffrey Rosen, the Santa Clara County District Attorney.

2.  Mr. Chung brings this action pursuant to 42 U.S.C. § 1983, and the Constitution of the United States, to redress deprivation of rights secured by the United States Constitution. Defendants, County of Santa Clara, Jeffrey Rosen, and DOES 1 through 50 (hereinafter, collectively "Defendants"), violated Mr. Chung's constitutional right to free speech.

///

## JURISDICTION AND VENUE

3. This action arises under 42 U.S.C. § 1983, and the Constitution of the United States. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343, and 1367(a).

4. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b) because the action arises therein, and a substantial part of the events giving rise to this action occurred therein.

## INTRADICTRICT ASSIGNMENT

5. Assignment of this action to the San Jose Division is proper under Civil Local Rules 3-2(c) and 3-2(e), because a substantial part of the events giving rise to the claims alleged herein occurred in the City of San Jose, County of Santa Clara.

## PARTIES

6. Mr. Chung is, and at all times herein mentioned was, employed by the County of Santa Clara.

7. Defendant County of Santa Clara ("County") is, and at all times herein mentioned was, a chartered subdivision of the State of California, a public entity, with the capacity to sue and be sued. Defendant County and defendant Rosen are responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Santa Clara County District Attorney's Office and its employees and agents. At all times relevant herein, defendant County and defendant Rosen were responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the Santa Clara County District Attorney's Office, their employees and agents, and Does 1 through 50, inclusive, complied with the laws of the State of California and the Constitution of the United States.

8. Defendant Jeffrey Rosen ("District Attorney Rosen" or "Defendant Rosen") is, and at all times herein mentioned was, the Santa Clara County District Attorney. District Attorney Rosen is sued in his individual capacity.

9. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 through 50, inclusive, and therefore sues these defendants by such fictitious names.

Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

10. Each defendant sued in this complaint acted as the agent or employee of every other defendant. Any reference in this complaint to "defendant," "defendants," or to an individually-named defendant, also refers to Does 1 through 50.

## GENERAL ALLEGATIONS

11. Plaintiff hereby incorporates by reference paragraphs 1 through 10, inclusive.

12. Mr. Chung is Korean American. He grew up in Milpitas. After graduating from Harvard University and Columbia Law School, Mr. Chung returned to Santa Clara County in 2018 to work as a deputy district attorney.

13. Mr. Chung quickly proved to be an outstanding deputy district attorney. In 2020, he was awarded the Robert L. Webb Award, an "Excellence Award" presented by the Santa Clara County District Attorney. Mr. Chung prosecuted domestic violence cases and served in the Violent Felonies Unit. The Violent Felonies Unit is an important assignment that is highly regarded and much sought after by deputy district attorneys.

14. On February 14, 2021, Mr. Chung published an opinion piece in a local newspaper about the recent surge of racism and violence towards Asian Americans following the COVID-19 pandemic. More specifically, Mr. Chung's op-ed discussed California's ongoing criminal justice reform efforts and the violence against Asian Americans in the Bay Area.

15. On February 16, 2021, and thereafter, Mr. Chung was wrongfully disciplined for his op-ed piece. Immediately thereafter Mr. Chung was reassigned to Mental Health Court and then to Juvenile Justice. These assignments are generally considered less prestigious. Mr. Chung was not provided with an explanation of the reason for the reassignment.

16. On May 28, 2021, Mr. Chung was placed on leave and was walked out of the District Attorney's Office by three armed investigators.

17. On or about May 31, 2021, the Lead Criminal Investigator in the District Attorney's Bureau of Investigation, Captain Michael Whittington, issued a "be on the lookout" notice ("BOLO") to the entire District Attorney Office Staff. The notice alerted the staff without explanation that "DDA Chung is not allowed on County property until further notice," and included a non-work photograph of Mr. Chung.

18. On or about June 2, 2021, Captain Whittington issued a second BOLO notice to all employees at the District Attorney's office. The notice specified that Mr. Chung was "not allowed on County premises occupied by or affiliated with the District Attorney's Office."

19. On September 10, 2021, Mr. Chung received a Notice of Recommended Disciplinary Action from Assistant District Attorney, Stacey Lynn Capps. Ms. Capps would recommend Mr. Chung be terminated from his employment. A hearing on the recommended termination is pending.

## CLAIM FOR RELIEF

**Violation of Right to Free Speech Under U.S. Const., Amend. I**

**[42 U.S.C. § 1983]**

20. Plaintiff hereby incorporates by reference paragraphs 1 through 19, inclusive.

21. The First Amendment to the United States Constitution provides that "Congress shall make no law … abridging the freedom of speech, or of the press." The First Amendment applies to all government organizations in the United States. It applies to state and local governments through operation of the Fourteenth Amendment Due Process Clause.

22. Public employees have the right to be free from government interference in their speech based on the speech's content. Such restrictions are rarely permitted. As Justice Thurgood Marshall explained, the rationale for prohibiting suppression of public employee speech pertaining to matters of public interest is to "ensure that public employers do not use their authority over employees to silence discourse, not because it hampers public functions but simply because superiors disagree with the content of employees' speech." *Rankin v. McPherson*, 483 U.S. 378, 384 (1987). A public employee's speech is protected if (1) the speech pertains to a matter of public concern, (2) the employee spoke as a private citizen and

not a public employee, and (3) the employee's speech interest outweighs the agency's interest in promoting efficiency and effectiveness. *See Pickering v. Board of Ed. of Township High School Dist. 205, Will County, Illinois*, 391 U.S. 563 (1968); *Eng v. Cooley*, 552 F.3d 1062, 1070-71 (9th Cir. 2009).

23. Defendants deprived Mr. Chung of his rights under the First Amendment to the United States Constitution when they took adverse employment action that included harassment and retaliation due to Mr. Chung's having voiced his concerns about the treatment of Asian American crime victims.

24. Defendants' adverse employment actions against Mr. Chung were such that a reasonable employee would have found them to be materially adverse and that they would have dissuaded a reasonable employee of defendants from engaging in the protected speech activity.

25. Mr. Chung's speech was a substantial or motivating factor for the adverse employment actions taken against him by defendants.

26. Defendants' intentional actions and failures, including but not limited to, policies, training, and practices, along with a failure to investigate and remedy unlawful retaliatory actions as alleged above, constitute a policy, pattern, practice, and custom of the District Attorney's Office of Santa Clara County, and defendant Rosen, the District Attorney. Defendants deprived Mr. Chung of his protected fundamental right to free speech under the First Amendment to the U.S. Constitution.

27. Defendants acted under color of state law in violating Mr. Chung's rights, privileges, and immunities guaranteed by the First Amendment to the U.S. Constitution.

28. Defendants' actions have caused and continue to cause Mr. Chung substantial loss, including, but not limited to, professional injury, loss of reputation, loss of promotional opportunities, and other employment benefits. Additionally, Mr. Chung has suffered humiliation, embarrassment, anguish, and severe emotional distress, and has incurred attorneys' fees all to his damage in an amount according to proof.

29. Defendant Rosen's acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's constitutional rights, justifying an award of punitive damages.

WHEREFORE, plaintiff prays for relief as set forth below.

### PRAYER FOR RELIEF

1. For general damages, in an amount according to proof;
2. For special damages, in an amount according to proof;
3. For civil penalties to the extent allowed by law;
4. Punitive damages against defendants, as allowed by law;
5. For attorneys' fees, as allowed by law;
6. For costs of suit;
7. For interest as allowed by law;
8. For any other relief as allowed by law, and
9. For such other and further relief as the Court may deem proper.

DATED: September 28, 2021          McMANIS FAULKNER

                                   */s/ James McManis*
                                   JAMES MCMANIS
                                   ABIMAEL BASTIDA

                                   Attorneys for Plaintiff
                                   DANIEL CHUNG

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Amendment VII to the United States Constitution and by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: September 28, 2021          McMANIS FAULKNER

                                   */s/ James McManis*
                                   JAMES McMANIS
                                   ABIMAEL BASTIDA

                                   Attorneys for Plaintiff
                                   DANIEL CHUNG

COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF; CASE NO.