```
 1   JAMES McMANIS (40958)
     ABIMAEL BASTIDA (303355)
 2   CHRISTOPHER ROSARIO (326436)
     McMANIS FAULKNER
 3   a Professional Corporation
     50 West San Fernando Street, 10th Floor
 4   San José, California 95113
     Telephone:  (408) 279-8700
 5   Facsimile:  (408) 279-3244
     Email:  abastida@mcmanislaw.com
 6
     Attorneys for Plaintiff
 7   DANIEL CHUNG

 8
     JAMES R. WILLIAMS, County Counsel (S.B. #271253)
 9   XAVIER M. BRANDWAJN, Deputy County Counsel (S.B. #246218)
     CLAIRE T. CORMIER, Deputy County Counsel (S.B. #154364)
10   OFFICE OF THE COUNTY COUNSEL
     70 West Hedding Street, East Wing, Ninth Floor
11   San José, California  95110-1770
     Telephone: (408) 299-5900
12   Facsimile: (408) 292-7240
     Xavier.Brandwajn@cco.sccgov.org
13   Claire.Cormier@cco.sccgov.org

14   Attorneys for Defendants
     COUNTY OF SANTA CLARA and
15   JEFFREY F. ROSEN
```

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
(San Francisco Division)

| | |
|---|---|
| DANIEL CHUNG,<br><br>  Plaintiff,<br><br>v.<br><br>COUNTY OF SANTA CLARA, et al.,<br><br>  Defendants. | No. 21-CV-07583 WHO<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:  April 19, 2022<br>Time:  2:00 p.m.<br>Courtroom:  2, 17th Floor<br>Hon. William H. Orrick |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local rule 16-9.

1

Because the parties disagree on several issues in this joint statement, Plaintiff and Defendants provide some separate sections, below. By including these sections in this joint filing, the parties do not agree to the characterizations provided by the opposing party.

**1.   Jurisdiction & Service**

Plaintiff Daniel Chung asserts that this action arises under 42 U.S.C. § 1983 and the Constitution of the United States. Plaintiff asserts that this Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343, and 1367(a). The named Defendants, County of Santa Clara and Jeffrey F. Rosen, have been served. The parties are not currently aware of any disputes relating to personal jurisdiction or venue.

**2.   Facts**

   A.   Plaintiff's Statement of Facts

The Santa Clara County District Attorney's Office ("Department") is a department of defendant County of Santa Clara ("County"). Defendant District Attorney Jeffrey Rosen ("Rosen") is the department head for Department. Rosen has final policy-making authority for County regarding the reassignment, suspension, and termination of his deputy district attorneys. At all relevant times, plaintiff Daniel Chung ("Chung") was a deputy district attorney for the Department.

On February 14, 2021, the Mercury News published an opinion piece written by Chung as a private citizen. The op-ed discussed criminal justice reform throughout California and rising violence against Asian Americans in the Bay Area. In the op-ed, Chung did not refer to his official title. Without his consent or knowledge, the Mercury News added a tagline to Chung's op-ed referencing his title as a deputy district attorney for Department.

Rosen thereafter authorized or ratified Chung's punishment for authoring the op-ed. Rosen authorized or ratified the February 16, 2021, reassignment of Chung to Mental Health Court and then to Juvenile Justice. On February 16, 2021, Rosen authorized or ratified the recommendation of a two-week suspension of Chung. On May 28, 2021, Rosen authorized or ratified an administrative leave of Chung. On or about May 31, 2021, Rosen authorized or ratified the issuance of a "Be On the Lookout" notice ("BOLO") to the Department. On June 2, 2021, Rosen authorized or ratified a

second BOLO to the Department.  On June 11, 2021, Rosen authorized or ratified an unpaid two-week suspension of Chung.

Rosen has a policy, custom, or practice of punishing Department employees for exercising their free speech rights.  For example, Rosen punished James Sibley, a former supervising deputy district attorney, for speaking publicly about Rosen's improper use of administrative leave hours within the Department.  Part of Sibley's punishment included an unwarranted reassignment by Rosen.

B.     Defendants' Statement of Facts

Plaintiff Daniel Chung is a former Deputy District Attorney.  He was employed by the Santa Clara County District Attorney's Office ("DAO") for less than four years, from January 2018 until October 2021.

On February 14, 2021, the *Mercury News* published an opinion editorial ("the February 14 Op-Ed") prepared by Chung.  With a tagline identifying Chung as a "Santa Clara County Deputy District Attorney," the February 14 Op-Ed advocated for legislative reform of criminal justice measures including mental health diversion.

The DAO promptly received negative reactions to the February 14 Op-Ed from community members and justice partners who interpreted the February 14 Op-Ed as stating the policies and philosophy of the DAO.  Shortly thereafter, the DAO internally reassigned Plaintiff, first to Mental Health Court and then to Juvenile Justice.  A DAO administrative investigation into the February 14 Op-Ed followed, including whether Plaintiff had sought prior approval and used DAO work time and resources to prepare and submit it.  The investigation determined that Plaintiff had written the February 14 Op-Ed during regular work hours using his DAO computer, and that his communications with the *Mercury News* were all from his DAO email, signed with his official title—all in violation of County Merit System Rules and DA Policy and Procedure Articles.  After the investigation was completed, Plaintiff received a two-week suspension, which he challenged through an arbitration that was heard in December 2021.  On March 28, 2022, the arbitrator issued an opinion finding just cause for a one-week suspension for Plaintiff's violations of County and DAO policies and procedures in connection with his preparation and submission of the February 14

Op-Ed.  In so ruling, the arbitrator considered and rejected Plaintiff's contention that he was improperly disciplined for exercising his First Amendment right to free speech, ruling:

> Accordingly, while such issues are rarely found free from doubt, given this particular record where Grievant is responsible for the February 14 op-ed despite his initial intent to write as a private citizen, it would be patently unreasonable for the Arbitrator to find that a reader would not believe he was speaking for/representing DAO.  Thus, even if Grievant's conduct was generally protected by the First Amendment, the County could nevertheless regulate through discipline that conduct.

On May 26, 2021, a mass casualty shooting took place at a Santa Clara Valley Transportation Authority ("VTA") facility in San José.  Ten people were killed.  The DAO set up a Family Assistance Center ("FAC") for persons immediately affected by the shooting.  An American Red Cross building was selected to make the setting as private as possible for the family members awaiting news of their missing loved ones.  A small number of individuals from the DAO—specially trained in crisis intervention, grief counseling, and/or trauma-informed care—were directed to report to the FAC.  Plaintiff was not one of them.  Without instruction, permission, or specialized training, Plaintiff went to the FAC shortly before a scheduled press conference by DA Rosen.  DAO Bureau Captain Mike Whittington, a law enforcement officer, asked Plaintiff why he was at the FAC and escorted him away.  Whittington reported that Plaintiff falsely responded that he had been called to the FAC.

On May 28, 2021, the DAO placed Plaintiff on administrative leave and escorted him from the office pending an investigation into his conduct at the FAC.  Plaintiff promptly notified at least one media outlet of these events.  A few days later, Captain Whittington prepared a security alert to notify DAO staff that Plaintiff was not allowed in the DAO.

After an administrative investigation into Plaintiff's conduct at the FAC, Assistant District Attorney Stacey Lynn Capps issued a Notice of Recommended Disciplinary Action recommending that Plaintiff be terminated from his employment.  Assistant District Attorney Brian Welch issued the final termination decision on October 20, 2021, based on Plaintiff's violation of several County Merit System Rules and DA Policy and Procedure Articles.  Among other things, the termination decision found that Plaintiff had lied about why he went to the FAC.  Although Plaintiff asserted that he went to "volunteer" because he understood it to be an "all hands on deck" situation, those were

not his instructions and he did not take any affirmative steps to volunteer. While he was at the FAC, his supervisor called him to ask him why he was at the FAC and to direct him to return to the office. Plaintiff is appealing the decision to terminate him by way of an arbitration that is scheduled to be heard on July 11-15, 2022.

Plaintiff alleges that he was disciplined and terminated in retaliation for Plaintiff's exercise of his First Amendment rights in writing the February 14 Op-Ed. Defendants deny these allegations.

**3.     Legal Issues**

A.     Plaintiff's Position.

Plaintiff's complaint alleges that defendants' conduct violated the First Amendment to the United States Constitution. The March 28, 2022 Arbitrator's Opinion and Award ("Award") does not preclude the First Amendment issues in this case. While the Award discussed "First Amendment in the Workplace," the Arbitrator signaled to the parties and to the Court that:

> [t]he Court and Arbitrator serve different functions with the latter resolving the just cause issue. The Court – knowing this proceeding is informal without discovery and barely enforceable evidentiary rules – will decide what weight, if any, to give the Arbitrator's finding if the Award is offered in evidence.

(Award, p. 37 n. 33.) Plaintiff also disputes whether Rosen is entitled to qualified immunity, should he assert this defense.

B.     Defendants' Position.

Defendants submit that this case currently involves at the least the following legal issues:

- Whether Plaintiff can plead and prove that his February 14 Op-Ed is protected speech and that his discipline constitutes First Amendment retaliation;

- The extent to which the arbitrator's binding opinion and award has preclusive effect on Plaintiff's claims here;

- Whether Plaintiff can plead and prove the County is liable under *Monell v. Dept. of Soc. Servs of the City of New York.*, 436 U.S. 658 (1978) for a policy, pattern, practice, or custom that caused the deprivation of Plaintiff's constitutional rights; and

- Whether Plaintiff can plead and prove that DA Rosen is individually liable for any constitutional injury to Plaintiff.

**4.    Motions**

   A.    <u>Plaintiff's Anticipated Motions.</u>

Plaintiff will engage in discovery as provided by the Federal Rules of Civil Procedure. Plaintiff anticipates he may seek relief from the Court if defendants do not comply with their discovery obligations. Plaintiff may file a motion for summary judgment or summary adjudication as to certain claims.

   B.    <u>Defendants' Anticipated Motions.</u>

Defendants filed a motion to dismiss in response to the original complaint, which the Court granted with leave to amend. Plaintiff filed a first amended complaint on March 9, 2022. Defendants plan to challenge the sufficiency of that pleading in a motion to dismiss, the filing of which is due by April 13, 2022. Defendants anticipate later filing a motion for summary judgment on any claims that may survive the pleadings stage.

**5.    Amendment of Pleadings**

Plaintiff has filed a first amended complaint. Because Defendants plan to file another motion to dismiss, Defendants have not yet answered any complaint.

**6.    Evidence Preservation**

The parties have reviewed the Court's Guidelines for the Discovery of Electronically Stored Information (ESI) ("Guidelines"). The parties are aware of their obligations to cooperate on issues relating to the preservation, collection, search, review, and production of ESI and that the proportionality standard set forth in Federal Rule of Civil Procedure 26(b)(1) applies to discovery in this case. The parties will meet and confer as necessary to address any issues regarding ESI preservation and discovery.

**7.     Disclosures**

   A.    <u>Plaintiff's Position.</u>

Disclosures should proceed per the Federal Rules of Civil Procedure and the Local Rules of the Northern District.

   B.    <u>Defendants' Position.</u>

Initial disclosures should be deferred until after the pleadings are settled.

**8.    Discovery**

No formal discovery has yet taken place in this action. The parties will engage in discovery as provided by the Federal Rules of Civil Procedure.

Defendants note that Plaintiff has submitted multiple California Public Records Act requests to the County. The County has responded or is responding to those requests. Accordingly, much of the likely documentary evidence for this case has been preserved and/or provided to Plaintiff. Defendants have also put in place preservation holds for emails to or from the reasonably evident witnesses so that later searches can be conducted, if necessary.

The parties do not request modification of the presumptive discovery limitations at this time.

**9.    Class Actions**

This case is not a class action.

**10.   Related Cases**

The parties are not aware of any related court cases.

Defendants note, however, as discussed in section 2, above, Plaintiff's suspension and termination are the subject of two arbitration proceedings.

**11.   Relief**

Plaintiff seeks (1) general damages, in an amount according to proof; (2) special damages, in an amount according to proof; (3) civil penalties to the extent allowed by law; (4) punitive damages, as allowed by law; (5) attorneys fees, as allowed by law; (6) costs of suit; (7) interest as allowed by law; (7) any other relief as allowed by law; and (9) such other and further relief as the Court may deem proper.

**12.   Settlement and ADR**

Plaintiff is open to resolution by Early Neutral Evaluation, mediation, or informal discussion.

Although Defendants are always committed to exploring a potential settlement, Defendants do not presently believe that this case has a reasonable prospect of settlement. If this case survives Defendants' motion to dismiss the first amended complaint, the County and Defendant Rosen may consider the Court's Early Neutral Evaluation program. Defendants, however, prefer to wait for a ruling on that motion before making a recommendation on ADR.

**13.   Consent to Magistrate Judge For All Purposes**

Plaintiff consented to have a magistrate judge conduct all proceedings.

There is no consent at this time.

**14.   Other References**

The parties agree this case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.   Narrowing of Issues**

A.   Plaintiff's Position.

Plaintiff anticipates the possibility of filing a motion for summary judgment or summary adjudication.

B.   Defendants' Position.

The Court's ruling on Defendants' second motion to dismiss may narrow or eliminate the issues in the case. Issues or presentation of evidence may also be narrowed if the parties agree on the use of testimony and documentary evidence from the related arbitration hearings.

**16.   Expedited Trial Procedure**

The parties agree this case is not suitable for the Expedited Trial Procedure of General Order No. 64.

**17.   Scheduling**

The parties propose that the Court defer setting a discovery, motion, and trial schedule for the case until after the pleadings are settled.

**18.   Trial**

Plaintiff has demanded a jury trial. While their estimates may change after discovery, the parties currently estimate the trial will take approximately six to ten court days.

**19.   Disclosure of Non-party Interested Entities or Persons**

Plaintiff and Defendant Rosen have filed the required certifications. The County is exempt from filing this certification.

//

//

**20.     Professional Conduct**

The attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.     Other**

There are no other matters requiring the Court's attention at this time.

                                                           Respectfully submitted

                                                           McMANIS FAULKNER

Dated:  April 12, 2022                       By:  */s/ Christopher Rosario*
                                                             JAMES MCMANIS
                                                             ABIMAEL BASTIDA
                                                            CHRISTOPHER ROSARIO

                                                            Attorneys for Plaintiff
                                                            DANIEL CHUNG

                                                            JAMES R. WILLIAMS
                                                            COUNTY COUNSEL

Dated:  April 12, 2022                       By:   */s/ Xavier M. Brandwajn*
                                                            XAVIER M. BRANDWAJN
                                                            CLAIRE T. CORMIER
                                                            Deputy County Counsel

                                                            Attorneys for Defendants
                                                            COUNTY OF SANTA CLARA and
                                                            JEFFREY F. ROSEN

**CERTIFICATION**

Pursuant to Civil Local Rule 5-1(i)(3), I attest that the concurrence of Christopher Rosario in the filing of this joint case management statement has been obtained.

Dated:  April 12, 2022                       By:   */s/Xavier M. Brandwajn*
                                                            XAVIER M. BRANDWAJN
                                                            Deputy County Counsel

2609561