JAMES McMANIS (40958)
ABIMAEL BASTIDA (303355)
CHRISTOPHER ROSARIO (326436)
McMANIS FAULKNER
a Professional Corporation
50 West San Fernando Street, 10th Floor
San Jose, California 95113
Telephone:   (408) 279-8700
Facsimile:   (408) 279-3244
Email:   abastida@mcmanislaw.com
         crosario@mcmanislaw.com

Attorneys for Plaintiff,
DANIEL CHUNG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DANIEL CHUNG, an individual,<br><br>Plaintiff<br><br>vs.<br><br>COUNTY OF SANTA CLARA, a public entity; JEFFREY F. ROSEN, individually; and DOES 1-50, inclusive,<br><br>Defendants, | Case No.: 21-cv-07583-WHO<br><br>**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:   June 22, 2022<br>Time:   2:00 p.m.<br>Place:  Courtroom 2 – 17th Floor<br>Judge:  Hon. William H. Orrick |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on June 22, 2022, at 2:00 p.m. or as soon thereafter as it may be heard in the above-entitled court, pursuant to Federal Rules of Evidence Rule 201(b), Daniel Chung ("Plaintiff") in support of his concurrently filed Opposition to Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, will and hereby does request that the Court take judicial notice of excerpts of the County of Santa Clara's Charter that were excluded from Defendants Request for Judicial Notice, publicly available at https://boardclerk.sccgov.org/sites/g/files/exjcpb656/files/county-charter.pdf ("Plaintiff's Exhibit A" or "Pls. Exh. A").

---

**INTRODUCTION**

Defendants County of Santa Clara ("County") and Jeffrey F. Rosen's (collectively "Defendants") requested judicial notice of excerpts from Section VII of the Charter of the County of Santa Clara. (*See* ECF 49, pp. 2:1-2, 2:25-3:8, *id.* Exh. B.) Defendants however excluded relevant portions of that section. Pursuant to Federal Rule of Evidence Rule 201(b), Plaintiff respectfully requests that the Court take judicial notice of Plaintiff's RJN Exhibit A, which is a true and correct copy of excerpts of Section VII of the Charter of the County of Santa Clara not included in Defendants' request for judicial notice.

**ARGUMENT**

The Court should take judicial notice of Plaintiff's RJN Exhibit A because Santa Clara County's Charter is "common knowledge" within this jurisdiction and can be readily verified on the Santa Clara County's official website.

The Court may take judicial notice of adjudicative facts that (1) are generally known within the Court's territorial jurisdiction or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. Rule 201(b). City and county charters fall within the category of "common knowledge." *See Hansen v. City of San Francisco*, No. 12-cv-04210-JST, 2014 WL 1310282 at *2 n.1 (N.D. Cal. Mar. 31, 2014). This Court has taken judicial notice of Santa Clara County's Charter. *See*, *e.g.*, *Mandini v. County of Santa Clara*, No. 16-CV-07026-LHK, 2017 WL 1092398 at *4 (N.D. Cal. Mar. 23, 2017).

The Court may therefore grant Plaintiff's request for judicial notice pursuant to Federal Rule of Evidence Rule 201 subsection (1) or (2). First, the Charter of the County of Santa Clara is "common knowledge" because it is the governing document of a municipality within the Court's jurisdiction. *See Hanson*, 2014 WL 1310282 at *2 n.1. Second, Santa Clara County's Charter can accurately and readily be determined from reliable sources because it is publicly available on the County's official website. County of Santa Clara, *Charter of the County of Santa Clara State of California*, https://boardclerk.sccgov.org/sites/g/files/exjcpb656/files/county-charter.pdf (last visited May 17, 2022).

///

# CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's request for judicial notice of Plaintiff's RJN Exhibit A.  The Charter of the County of Santa Clara County is "common knowledge" within the Court's territorial jurisdiction and is readily verified on the official website of the County of Santa Clara.

DATED:  May 18, 2022                                 McMANIS FAULKNER


/s/ *Christopher Rosario*
JAMES MCMANIS
ABIMAEL BASTIDA
CHRISTOPHER ROSARIO

Attorneys for Plaintiff,
DANIEL CHUNG

**EXHIBIT A**

# *CHARTER*
## *OF THE*
## *COUNTY OF SANTA CLARA*
### STATE OF CALIFORNIA

*Revised August 30, 2017*

**COUNTY CHARTER EFFECTIVE:**
**July 11, 1976**

### *AMENDMENTS:*

| | |
|---|---|
| November 7, 1978 | March 26, 1996 |
| November 4, 1980 | November 5, 1996 |
| November 2, 1982 | June 2, 1998 |
| November 4, 1986 | November 3, 1998 |
| June 7, 1988 | March 2, 2004 |
| November 8, 1988 | June 6, 2006 |
| November 6, 1990 | June 5, 2012 |
| June 2, 1992 | June 7, 2016 |
| November 2, 1993 | |

i

*MEMBERS OF THE SANTA CLARA COUNTY BOARD OF SUPERVISORS*

**MIKE WASSERMAN**
District 1

**CINDY CHAVEZ**
District 2

**DAVE CORTESE**
District 3

**KEN YEAGER**
District 4

**S. JOSEPH SIMITIAN**
District 5

**COUNTY EXECUTIVE**
Jeffrey V. Smith

**COUNTY COUNSEL**
James R. Williams

**CLERK OF THE BOARD**
Megan Doyle

# TABLE OF CONTENTS

Article, Title, Page Number:

### I. Powers of the County
Section 100 .................................................. 1
Section 101 .................................................. 1
Section 102 .................................................. 1
Section 103 .................................................. 2

### II. Board of Supervisors
Section 200 .................................................. 2
Section 201 .................................................. 2
Section 202 .................................................. 2
Section 203 .................................................. 4
Section 204 .................................................. 5
Section 205 .................................................. 5
Section 206 .................................................. 5
Section 207 .................................................. 5
Section 208 .................................................. 6

### III. Powers and Duties of the Board of Supervisors
Section 300 .................................................. 6
Section 301 .................................................. 6
Section 302 .................................................. 7
Section 303 .................................................. 8

### IV. County Executive
Section 400 .................................................. 9
Section 401 .................................................. 9
Section 402 .................................................. 9
Section 403 ................................................ 10
Section 404 ................................................ 10
Section 405 ................................................ 11

### V. Officers, Boards and Commissions
Section 500 ............................................... 12  
Section 501 ............................................... 12  
Section 502 ............................................... 12  
Section 503 ............................................... 13  
Section 504 ............................................... 13  
Section 505 ............................................... 13  
Section 506 ............................................... 13  
Section 507 ............................................... 15  
Section 508 ............................................... 16  
Section 509 ............................................... 16  

### VI. Financial Provisions
Section 600 ............................................... 17  
Section 601 ............................................... 17  
Section 602 ............................................... 18  
Section 603 ............................................... 18  
Section 604 ............................................... 19  

### VII. Personnel System
Section 700 ............................................... 21  
Section 701 ............................................... 21  
Section 702 ............................................... 22  
Section 703 ............................................... 23  
Section 704 ............................................... 24  
Section 705 ............................................... 26  
Section 706 ............................................... 26  
Section 707 ............................................... 26  
Section 708 ............................................... 26  
Section 709 ............................................... 28  
Section 710 ............................................... 29  
Section 711 ............................................... 29  
Section 712 ............................................... 30  
Section 713 ............................................... 30

### VIII. General Provisions
Section 800 .................................................. 30
Section 801 .................................................. 31
Section 802 .................................................. 31
Section 803 .................................................. 31
Section 804 .................................................. 31

Compendium of Changes ............................ 32

## ARTICLE VII
## PERSONNEL SYSTEM

**Section 700.** The personnel system of the county shall be based on merit and equal opportunity.

Appointments and promotions in the administrative service of the county shall be made in conformance with merit system rules and all applicable law, including that pertaining to the effectuation of equal employment opportunities and affirmative action programs.

No person employed or seeking employment with the county shall be unlawfully discriminated against because of age, color, creed, national origin, political opinions, race, religion, sex, or union activity.

**Section 701.**[12] Employment by the county shall be divided into the unclassified and classified service.
    (a) The unclassified service shall comprise the following officers and positions.

       1. All elective county officers.
       2. County Executive.
       3. County Counsel.
       4. Public Defender, Clerk of the Board of Supervisors and Chief of Correction.
       5. One confidential secretary and one administrative position to each elected county officer, the County

---

[12] Section 701: Amended and ratified by the Voters November 4, 1980; June 2, 1998.

Executive, the County Counsel, the Public Defender, the Clerk of the Board of Supervisors and Chief of Correction.
6. All members of boards and commissions.
7. Positions which are required to be filled by physicians, surgeons, or dentists.
8. Persons employed to render professional, scientific, technical, or expert service of an occasional or exceptional character.
9. Persons serving the county without compensation.
10. Persons employed to conduct a special inquiry, investigation, examination, or installation, if the Board of Supervisors or the County Executive certifies that such employment is temporary and that the work should not be performed by employees in the classified service.
11. Temporary or seasonal employees as may be provided for by the Board of Supervisors under personnel rules.
12. Deleted.
13. Chief Adult and Juvenile Probation Officers.
14. Employees designated as unclassified pursuant to Section 506 or 507.
15. Employees designated as unclassified pursuant to Section 704(h).

(b) The classified service shall comprise all positions not specifically included by this article in the unclassified service.

**Section 702.** There shall be a personnel board consisting of five members to be appointed by the Board of Supervisors from the voters of the county, none of whom shall hold any salaried county office or employment. The members of the Personnel Board

22

shall be nominated and appointed in the following manner:

Two members shall be appointed by the Board of Supervisors directly; two members shall be appointed by the Board of Supervisors from lists of persons nominated by the employees in the classified service of the county, such lists to contain three nominations for each position to be filled; and the fifth member shall be appointed by the Board of Supervisors from a list of three persons nominated by the four thus appointed. The successor of any member of the board shall be nominated and appointed in the same manner as such member was nominated and appointed.

**Section 703.** The Personnel Board shall:

    **(a)** Recommend to the Board of Supervisors merit system rules.

    **(b)** Advise the Board of Supervisors or the County Executive on matters concerning the administration of the personnel system which are outside the scope of representation with recognized employee organizations.

    **(c)** Hear appeals of any person in the classified service relative to any suspension, demotion, or dismissal unless an alternative hearing procedure is available to the person pursuant to an agreement between the Board of Supervisors and a recognized employee organization.

    **(d)** Exercise such functions consistent with this Charter as may be prescribed by ordinance.

**Section 704.**[13] The Personnel Board shall hold a public hearing when it considers the adoption or amendment of a merit system rule. When a rule or amendment is initiated by the Board of Supervisors, the Personnel Board, the County Executive, or a recognized employee organization, the board shall conduct a public hearing. When a proposed rule or amendment is initiated by any other person the board may decide whether or not to hold a hearing on the request.

After the hearing the board shall approve or reject the rule wholly or in part, or may modify it and approve it as so modified. Rules approved by the board shall then be submitted to the Board of Supervisors, which shall approve or reject them wholly or in part, or may modify them and approve them as modified. Rules shall be adopted by ordinance.

The rules shall include provisions for:
    (a) Examinations of applicants for appointments in the classified service which shall relate to matters which fairly measure the relative fitness of applicants to discharge the duties of the positions which they seek, and must take account of their character, training and experience.
    (b) Standardization and classification of all positions in the classified service of the county, which classification into groups and subdivisions shall be made

---

[13] Section 704: Amended and ratified by the Voters June 2, 1998.

24

on the basis of duties and responsibilities and so arranged as to fill the higher grades so far as practicable through promotion.

The preparation and maintenance of an up-to-date record of the authority, duties and responsibilities of each position in the classified service.

    **(c)** Certification to the appointing authority of the appropriate eligible list.

    **(d)** Temporary appointments to meet emergencies in the absence of an eligible list.

    **(e)** Original and promotional appointments which shall be for a probationary period of not less than six months during which the appointee may be rejected at any time without the right of a hearing as to original appointments and with the right of such hearing as to promotional appointments.

    **(f)** The filling of vacancies in higher positions in the classified service.

    **(g)** The transfer of employees who have been performing a function assumed by the county to county employment without examination.

    **(h)** The hiring, either in the classified or unclassified service, of employees under a specially designed program to assist persons who are unemployed, disabled, or untrained. Such rules may provide for employment of such persons without examination.

25

**Section 705.**[14] Deleted.

**Section 706.** The spouse, and the parent, child, brother or sister whether by blood or marriage, of any officer or department head shall not be eligible for appointment by such officer or department head to any office or employment.

**Section 707.** The political activity of county officers and employees shall not be restricted by the Board of Supervisors, except that the board may regulate by ordinance the solicitation of funds from, or the political activity of, officers and employees who are appointed by an elective county officer or board in any campaign for or against any candidate for such office. Such a regulation must be based on a finding after a public hearing that the restriction is necessary to promote a compelling governmental interest.

**Section 708.**
     (a) Any officer or employee holding a position under the classified service shall be subject to suspension without pay for a period not to exceed 30 days in any one calendar year, or to demotion or to removal from the position, but subject to the rights of the employee, other than one serving a probationary period on an original appointment, to a hearing before the Personnel Board in the manner set forth herein. The Board of Supervisors and a recognized employee

---

[14] Section 705: Deleted and ratified by the Voters June 2, 1998.

26

organization may agree on an alternate hearing procedure. When such an agreement is in effect, it shall supersede the hearing before the Personnel Board.

**(b)** Notice of a suspension, demotion, or removal shall be provided the officer or employee in writing and shall specify the date and hour when it is to become effective. The notice shall also contain a written statement separately stating each of the charges against the employee upon which such suspension, demotion, or removal is based, and an outline of the subsequent administrative procedural rights of the employee. A copy of such notice shall be filed with the Personnel Board.

**(c)** The employee shall have ten working days from receipt of such written notice within which to file an answer to the statement of charges should the employee desire to do so, and the filing of such an answer shall be deemed to be an automatic request for a hearing unless such employee otherwise indicates. The answer to such charges shall be filed with the Personnel Board.

**(d)** If a hearing is required, the Personnel Board shall conduct said hearing on the suspension, demotion, or removal which shall be called and held as provided for in the rules. The hearing shall be public, may be conducted informally, and the rules of evidence need not apply.

The Personnel Board shall make written findings as to each charge. The board shall also set forth in writing its conclusions based upon such findings, and within ten

days after concluding the hearing, shall certify its findings, conclusions and decisions to the board or officer involved, to the County Executive, and to the employee.

The findings, conclusions, and decisions of the Personnel Board shall be final and conclusive and no appeal shall be taken therefrom, except that for management employees such findings, conclusions, and decisions shall be advisory to the County Executive who shall review them and make the final decision.

(e) A suspended, demoted, or removed employee shall be reinstated in the position immediately without loss of continuity of service or compensation if the charges brought against the employee are not sustained.

When a hearing is to be held on an order of dismissal, demotion, or suspension, the vacancy in the position shall be considered a temporary vacancy pending final action. Such position shall be filled only by a temporary appointment by the board or officer having the appointive power.

(f) Nothing in this section shall preclude the enforcement by the county of a union security provision in an agreement between the Board of Supervisors and a recognized employee organization.

Section 709.[15] Rates of pay shall be fixed by the Board of Supervisors which are commensurate with those

---

[15] Section 709: Amended and ratified by the Voters June 2, 1998.

28

prevailing throughout the county for comparable work. Rates of pay fixed pursuant to an agreement between the Board of Supervisors and a recognized employee organization shall be conclusively presumed to be commensurate with those prevailing throughout the county for comparable work and no action may be brought against the county or any county officer alleging that such rates of pay are not comparable.

No officer or employee of the county shall be compensated by fees. All fees collected by such officers or employees shall be deposited in the county treasury.

**Section 710.** Whenever any officer or employee is authorized by the Board of Supervisors or County Executive to travel, the officer or employee shall be reimbursed for actual and necessary expenditures for mileage, transportation, lodging and meals. The maximum price to be paid for mileage, transportation, lodging and meals may be fixed by agreement with a recognized employee organization but such matters shall be fixed by ordinance for management employees and shall be uniform for all such employees including elected county officers.

**Section 711.** The Board of Supervisors shall provide for the retirement and pension of county officers and employees or contract for such service.

29

Section 712.[16] Except as otherwise provided in this Charter, elective and appointive officers and employees serving with compensation are prohibited from engaging in any private practice or business during the regular business hours specified for the performance of their duties and during such hours they shall devote all their time to the duties of their respective positions. This section shall not apply to members of the Board of Supervisors or to officers or employees exempted by the administrative code.

Section 713. All persons charged with the administration of the personnel system shall exercise their functions fairly, honestly, impartially, and free from all corrupt practices.

An officer or employee convicted of the violation of any provision of this article shall be dismissed by the appointing authority subject to a hearing pursuant to Section 708.

## ARTICLE VIII
## GENERAL PROVISIONS

Section 800. The violation of any provision of this Charter shall be a misdemeanor and be punishable upon conviction by a fine of not to exceed five hundred

---

[16] Section 712: Amended and ratified by the Voters November 3, 1998.

30