KUANG-BAO P. OU-YOUNG
1362 Wright Avenue
Sunnyvale, California 94087
(408) 234-2371
kbouyoung@yahoo.com

Plaintiff-Intervenor Applicant Pro Se

RECEIVED
MAY 18 2022
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| DANIEL CHUNG, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF SANTA CLARA, et al., <br><br> Defendants, <br><br> KUANG-BAO P. OU-YOUNG, <br><br> Plaintiff-Intervenor Applicant. | Case No. 21-cv-7583-WHO <br><br> PLAINTIFF-INTERVENOR APPLICANT'S NOTICE OF MOTION AND MOTION TO INTERVENE, TO DISQUALIFY JUDGE AND COUNSEL, TO SUSPEND ELECTION, AND FOR ORDER TO SHOW CAUSE <br><br> Date: June 22, 2022 <br> Time: 2:00 p.m. <br> Courtroom 2, 17th Floor <br> Judge: To Be Determined |

### NOTICE OF MOTION AND MOTION

TO PLAINTIFF, DEFENDANTS, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on June 22, 2022, at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 2, 17th Floor, San Francisco Courthouse, located at 450 Golden Gate Avenue, San Francisco, California, applicant Kuang-Bao P. Ou-Young will, and hereby does move, for the court's permission to intervene in the present action, to disqualify district judge William H. Orrick and counselor Claire T. Cormier from this case, to suspend election of Santa Clara County district attorney to be held later this year, and for an order to show cause against both judge Orrick and counselor Cormier. The motion to intervene is based on Federal Rule of Civil Procedure 24(a)(1), 42 U.S.C. § 547(1), this notice of motion and

1  motion, the memorandum of points and authorities set forth below, the pleadings and records on
2  file in this case, and such further evidence and argument as the court may consider at the time of
3  hearing on this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. Judge Orrick Has Deprived Applicant of Substantive Civil Rights

Santa Clara County brought a civil action to this court against the Trump administration on February 3, 2017 (Case No. 17-cv-574-WHO). Applicant then moved to intervene in said case on March 29, 2017. Dkt. No. 84. On April 3, 2017, judge Orrick denied the motion without a hearing. Dkt. No. 85. Yet "due process requires an opportunity to confront and cross-examine adverse witnesses." *Goldberg v. Kelly*, 397 U.S. 254, 269 (1970). Hence said judge has denied applicant the First Amendment right to petition the government for a redress of grievances, due process of law under the Fifth Amendment, the Seventh Amendment right to a jury trial, and equal protection of the laws under the Fourteenth Amendment. Judge Orrick is criminally liable under 18 U.S.C. § 242. *United States v. Price*, 383 U.S. 787, 793 (1966); *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). As a judge is not absolutely immune from criminal liability, *Ex parte Virginia*, 100 U.S. 339, 348-349 (1880), the presiding judge should be disqualified from the present case.

### B. Counselor Cormier Has Conspired to Deny Applicant of Substantive Civil Rights

On September 25, 2013, applicant brought a complaint to this court (Case No. 13-cv-4442-EMC). On November 15, 2013, then U.S. attorney Melinda Haag and counselor Cormier moved to dismiss said case. Dkt. No. 24. District judge Edward M. Chen dismissed the case on December 20, 2013 without a hearing. Dkt. No. 40. But "due process requires an opportunity to confront and cross-examine adverse witnesses." *Goldberg v. Kelly*. Accordingly, counselor Cormier has conspired with judge Chen to deny applicant the First Amendment right to petition

1  the government for a redress of grievances, due process of law under the Fifth Amendment, the
2  Seventh Amendment right to a jury trial, and equal protection of the laws under the Fourteenth
3  Amendment. Said counselor is criminally liable under 18 U.S.C. § 242. *Price*; *Bivens*. Acting as
4  advocate for the government, counselor Cormier lacks absolute immunity from criminal liability.
5  *Kalina v. Fletcher*, 552 U.S. 118 (1997); *Bivens*. Thus, said counselor should be disqualified
6  from the present case.

7  **C. Defendant Rosen Has Abused Prosecutorial Discretion as County DA**

8  On August 20, 2020, Santa Clara County DA's office instituted a criminal action against
9  James Jensen, Harpaul Nahal, Michael Nichols, and Christopher Schumb at Santa Clara County
10 Superior Court (Case No. C2010724) because of their alleged criminal offenses in fundraising
11 against the 2018 re-election of sheriff Laurie Smith. However, sheriff Smith issued a statement
12 on March 10, 2022 announcing plans to retire in January next year at the end of sixth term. The
13 announcement acknowledges that defendant Rosen has abused prosecutorial discretion as Santa
14 Clara County district attorney. More importantly, said defendant is not absolutely immune from
15 criminal liability. *Kalina*. Due to his candidacy for county district attorney in the election to be
16 held later this year, the court should suspend such election unless defendant Rosen withdraws.

17 **D. Both Judge Orrick and Counselor Cormier Should Face Criminal Prosecution**

18 Since 28 U.S.C. § 547(1) requires U.S. attorney Stephanie M. Hinds to prosecute for all
19 offenses against the United States, the court should order said U.S. attorney to show cause why
20 her office should not institute criminal prosecution against either judge Orrick or counselor
21 Cormier.

22

## CONCLUSION

Based on the above arguments, the court should disqualify judge Orrick and counselor Cormier from the present action, suspend this year's election of Santa Clara County district attorney unless DA Rosen withdraws, and order U.S. attorney Hinds to show cause why either judge Orrick or counselor Cormier should not face criminal prosecution by her office.

Respectfully submitted this 18th day of May 2022.

*/s/ Kuang-bao Ou-young*

KUANG-BAO P. OU-YOUNG
1362 Wright Avenue
Sunnyvale, California 94087
(408) 234-2371
kbouyoung@yahoo.com

Plaintiff-Intervenor Applicant

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| Daniel Chung,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>County of Santa Clara, et al.,<br><br>　　　　　Defendants. | Case No. 21-cv-7583-WHO<br><br>PROOF OF SERVICE |

This is to certify that a true and correct copy of the following document:

　　Plaintiff-Intervenor Applicant's Motion to Intervene, to Disqualify Judge and Counsel, to Suspend Election, and for Order to Show Cause

was delivered by first class mail to the following:

James McManis
Abimael J. Bastida De Jesus
Christopher Andrew Rosario
50 W. San Fernando Street, 10th Floor
San Jose, CA 95113

Claire T. Cormier
70 W. Hedding Street, East Wing, 9th Floor
San Jose, CA 95110

Xavier Mark Brandwajn
1950 University Avenue, 5th Floor
East Palo Alto, CA 94303

Date: May 18, 2022

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　YuLin Lu
　　　　　　　　　　　　　　　　　　　　　　　　820 Mulberry Lane
　　　　　　　　　　　　　　　　　　　　　　　　Sunnyvale, CA 94087