UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CHUNG,<br><br>    Plaintiff,<br><br>v.<br><br>JEFFREY F ROSEN,<br><br>    Defendant. | Case No. 21-cv-07583-AMO<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION FOR LEAVE TO FILE SECOND MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 131 |

Before the Court is Defendant Jeffrey F. Rosen motion for leave to file a second motion for summary judgment. Plaintiff Daniel Chung opposes the motion, contending – improperly at this stage – that leave to file a subsequent motion for summary judgment should be denied because the basis for the motion for summary judgment is meritless. The proper inquiry is whether good cause exists to entertain an additional summary judgment motion. *See Hoffman v. Tonnemacher*, 593 F.3d 908, 912 (9th Cir. 2010) ("The district court's decision to allow Defendant to file another motion for summary judgment . . . required the district court first to modify the pretrial order."); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (discussing "good cause" standard for party seeking amendment of case schedule). In appropriate cases, permitting second motions is logical and promotes just, speedy, inexpensive resolution of suits. *Hoffman*, 593 F.3d at 911 (citing Fed. R. Civ. P. 1, "allowing a party to file a second motion for summary judgment is logical, and it fosters the 'just, speedy, and inexpensive' resolution of suits.").

    The Ninth Circuit affirmed in part and reversed in part this Court's order on Rosen's first motion for summary judgment, leaving for this Court to examine on remand whether other discipline Chung shouldered violated his First Amendment rights. *See* ECF 120 at 8. This

Court's Standing Order limits each side to one summary judgment motion absent leave of court. Martínez-Olguín Civ. Standing Order § E.1.  On remand, Rosen seeks such leave.  Allowing Rosen to file a second motion for summary judgment is justified because resolution of the second motion will advance the litigation by testing the legal and factual issues that remain before submitting them to a jury.  Addressing the remaining issues at summary judgment would advance litigation to promote "just, speedy, inexpensive resolution," and, contrary to his bare assertion, would not prejudice Chung.  Therefore, good cause appearing, the Court **GRANTS** Rosen's administrative motion for leave to file a second motion for summary judgment.

The Court will hear the motion on September 4, 2025, at 2:00 p.m. in Courtroom 10, San Francisco.  The Court **ORDERS** the parties to meet and confer and jointly propose a briefing schedule on Rosen's anticipated motion.  The parties shall file their proposed briefing schedule no later than noon on May 29, 2025.  The parties' proposed briefing schedule must leave at least four weeks between the reply brief and the hearing date.

**IT IS SO ORDERED.**

Dated: May 21, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**